UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY M. SNYDER,

Plaintiff,

v.

COMM'R OF SOC. SEC.,

Defendant.

_____/

Case No. 20-cv-12102

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22], DENYING PLAINTIFF'S MOTION FOR REMAND PURSUANT TO SENTENCE FOUR [#15], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#20] AND OVERRULING PLAINTIFF'S OBJECTIONS [#23]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Rodney M. Snyder's ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred the motions to United States Magistrate Judge Anthony P. Patti, who issued a Report and Recommendation on January 11, 2022. ECF No. 22, PageID.1117. Magistrate Judge Patti recommends that the Court deny Plaintiff's Motion for Remand Pursuant to Sentence Four [#15], grant Defendant's Motion for Summary Judgment [#20], and affirm the Commissioner's decision. *Id.*

1

Presently before the Court is Plaintiff's January 26, 2022, Objections [#23] to the Report and Recommendation. ECF No. 23, PageID.1147. Defendant filed a Response in Opposition on February 8, 2022. ECF No. 24, PageID.1153. For the reasons discussed below, the Court concludes that Magistrate Judge Patti reached the correct conclusion. The Court will therefore OVERRULE Plaintiff's Objections, ACCEPT and ADOPT the Report and Recommendation, DENY Plaintiff's Motion for Remand Pursuant to Sentence Four, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision.

## II. BACKGROUND

On March 3, 2016, Plaintiff sustained head injuries in a roll-over motor vehicle accident on the freeway. ECF No. 11, PageID.373. Plaintiff filed an application for disability insurance benefits on January 29, 2017. *Id.* at PageID.53. The Commissioner denied Plaintiff's application on June 22, 2017, after which Plaintiff filed a hearing request on August 3, 2017. *Id.* On April 24, 2019, the Administrative Law Judge ("ALJ") held a video hearing. *Id.* Both Plaintiff and a vocational expert testified at the hearing. *Id.*

The ALJ released a written decision finding Plaintiff not disabled on July 16, 2019, under the traditional five-step framework. *Id.* at PageID.70. While the ALJ determined Plaintiff suffered from a "severe mental impairment," she reasoned Plaintiff could still work with accommodations. *Id.* at PageID.67. The ALJ

concluded that Plaintiff has the residual functioning capacity ("RFC") to "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy[,]" considering Plaintiff's age, education, and work experience. *Id.* at PageID.69. Thus, while Plaintiff's mental and physical impairments prevent him from working as a loader or truck operator, he could still retain inspector or transportation router positions. *Id.* at PageID.69.

Plaintiff timely appealed the ALJ's decision to the Social Security Administration Appeals Council on September 6, 2019. *Id.* at PageID.41. On June 29, 2020, the Appeals Council denied Plaintiff's review request. Plaintiff moved to challenge the ALJ's decision in this Court on August 5, 2020. *See* ECF No. 1.

### III.  LEGAL STANDARD

Courts reviewing cases under 42 U.S.C. § 405(g) "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted). Substantial evidence demands "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). "If the Commissioner's decision is supported by substantial

evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 U.S. Dist. LEXIS 55305, at *3 (E.D. Mich. Mar. 20, 2016) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* at *1. "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*

## IV. DISCUSSION

Plaintiff raises two objections to Magistrate Judge Patti's Report and Recommendation. For the reasons discussed below, the Court is unpersuaded by the arguments Plaintiff presents.

### A. Objection One

Plaintiff first argues that Magistrate Judge Patti's Report and Recommendation erroneously found his impairments did not meet Listing 2.07. ECF No. 23, PageID.1147. Listing 2.07 is a disturbance of labyrinthine-vestibular function, which can cause dizziness and chronic imbalance. ECF No. 11, PageID.57. Plaintiff directs the Court's attention to neurologist K. Nasrallah's findings, which highlight Plaintiff's hearing loss, and ENT physician D. Handzo's

4

diagnosis of bilateral hearing loss. ECF No. 23, PageID.1148. Magistrate Judge Patti and the ALJ ignored those specialists' findings, Plaintiff states, which resulted in his hearing loss not being considered a severe impairment. *Id.*

Both the ALJ and Magistrate Judge Patti considered the exact evidence Plaintiff suggests they ignored. ECF No. 11, PageID.56; ECF No. 22, PageID.1126–1127. For example, while considering Dr. Nasrallah's 2016 findings, the ALJ observed that Plaintiff's hearing loss occurred prior to the motor vehicle accident. ECF No. 11, PageID.56. Subsequently, the ALJ discussed two medical examinations in 2017, which evidenced Plaintiff's hearing being the same as before his accident. *Id.* at PageID.57. The ALJ also considered a January 18, 2017 medical examination by Dr. Boike, who noted Plaintiff could hear another's whisper despite his hearing loss. *Id.* at PageID.510. Collectively, the medical record supports the ALJ's decision with substantial evidence that Plaintiff's hearing impairment does not meet Listing 2.07.

Additionally, the Court finds this first objection restates arguments Plaintiff presented in his Motion for Remand, "an approach that is not appropriate or sufficient" when raising objections. *See Funderberg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 U.S. Dist. LEXIS 36492 at *2 (E.D. Mich. Mar. 22, 2016). "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed

5

recommendations, and such objections undermine the purpose of the Federal Magistrate Act … which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 U.S. Dist. LEXIS 44411, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). Plaintiff's objection does not show how Magistrate Judge Patti failed to consider Plaintiff's arguments, which waives his objection. *See Newcom v. Comm'r of Soc. Sec.*, No. 19-cv-13745, 2021 U.S. Dist. LEXIS 55586, at *7 (E.D. Mich. Mar. 24, 2021). The Court will therefore overrule Plaintiff's first objection.

### B. Objection Two

Next, Plaintiff asserts that neither Magistrate Judge Patti nor the ALJ "properly accounted for Plaintiff's" vertigo and vestibular dysfunction related impairments in the RFC assessment. ECF No. 23, PageID.1149. Plaintiff cites Dr. Nasrallah again in support of his argument, discussing the severe headaches he endured after the March 2016 car accident. *Id.* at PageID.1149–1150. Sometimes Plaintiff's headaches would last a week, he claims, occurring multiple times a month. *Id.* Plaintiff's sensitivity to sound and light also intensified his headaches. *Id.*

Magistrate Judge Patti and the ALJ agree that Plaintiff suffers from headaches but found their alleged severity unsupported by medical evidence. ECF No. 11, PageID.61. Referencing Dr. Nasrallah, the ALJ discussed the doctor's

assessment that Plaintiff had "intermittent" vertigo and "postconcussion syndrome with improvement of his headaches." *Id.* at PageID.62. Dr. Nasrallah ordered physical therapy to treat Plaintiff's vertigo because he associated it with benign positioning. *Id.* The headache symptoms were allegedly "resolved" by July 10, 2016. *Id.* On January 18, 2017, Dr. Boike found "no objective clinical evidence for neurological or spinal impairment or disability" in Plaintiff whatsoever. *Id.* at PageID.63.

The Court agrees with the ALJ's decision and Magistrate Judge Patti's Report and Recommendation that Plaintiff's vertigo and vestibular dysfunction were properly considered. The ALJ's RFC assessment discussed Plaintiff's visits to Dr. Nasrallah in-depth, which concerned Plaintiff's severe headaches. *Id.* at PageID.63. Plaintiff last reported headaches with Dr. Nasrallah on August 21, 2018, when his headaches were documented as being "progressively better." *Id.* at PageID.64. On April 19, 2019, Plaintiff denied any balance issues during a visit with Dr. Nasrallah to discuss his vertigo/dizziness concerns. *Id.* Magistrate Judge Patti correctly found that the ALJ's RFC assessment considered Plaintiff's dizziness concerns. ECF No. 22, PageID.1128. The ALJ considered Plaintiff's Parkinson's related hallucinations as well, emphasizing that "[t]he evidence fails to substantiate that hallucinations will not be addressed with treatment." *Id.* Both

7

Magistrate Judge Patti and the ALJ carefully considered Plaintiff's vertigo and vestibular dysfunction.

Plaintiff fails to present substantial evidence supporting his argument. His selective references to the record ignore unfavorable medical findings supporting Magistrate Judge Patti's Report and Recommendation. For instance, Plaintiff presents no evidence suggesting his hallucinations will increase over time, or that his headaches have progressively worsened. It is Plaintiff's burden to establish how long his limitations might last and whether his symptoms can be resolved with treatment. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity."). Here, Plaintiff does not satisfy his burden.

Moreover, the Court agrees with Defendant that Plaintiff impermissibly challenges the ALJ's decision rather than Magistrate Judge Patti's Report and Recommendation. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (discussing that objections must address specific concerns with the magistrate judge's report and recommendation). Plaintiff's disagreements with Magistrate Judge Patti's Report and Recommendation are based on the ALJ's decision "endorsed in the Report and Recommendation[.]" ECF No. 23, PageID.1150. But without any further argument concerning the Report and Recommendation or citations to the record, the Court declines to address Plaintiff's

8

second objection any further. Accordingly, Plaintiff's second objection is overruled.

## V. CONCLUSION

For the reasons discussed above, the Court ACCEPTS and ADOPTS Magistrate Judge Patti's Report and Recommendation [#22], as this Court's findings of fact and conclusions of law.

Plaintiff's Motion for Remand Pursuant to Sentence Four [#15] is DENIED.

Defendant's Motion for Summary Judgment [#20] is GRANTED.

Plaintiff's Objections [#23] are OVERRULED.

The Commissioner's findings are AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 17, 2022 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 17, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager